# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMUNICATION MANAGEMENT SERVICES, LLC, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **MISC. ACTION NO. 3:17-0572** |
| v. | : | |
| | : | **(JUDGE MANNION)** |
| **BROOKS HARLOW, ATTORNEY AT LAW,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court are the *pro se* motions of Richard D. Gaines, Esq., of Greentown, Pennsylvania, to quash the subpoena, pursuant to Fed.R.Civ.P. 45, to testify and produce documents issued to him by the defendant Brooks Harlow, Esq., in a case pending in the Oregon District Court, namely, U.S.D.C., District of Oregon, Case No. 3:12-cv-01923. (Doc. 1, Doc. 3). Gaines is working with Frank G. Patrick, Esq., as associated counsel, but not a counsel of record, for the plaintiffs in the Oregon case and in related cases pending in the courts in Oregon. Gaines was served with a subpoena by the defendant to appear for his deposition on October 26, 2017, and to produce unredacted versions of all redacted documents which were produced by the plaintiffs in the above case. Gaines filed a brief in support of his motion on November 9, 2017, with attached Exhibits. (Doc. 4). On November 20, 2017, the defendant filed a motion to transfer Gaines' motion to the U.S. District Court for the District of Oregon, pursuant to Rule 45(f), and

1

a combined brief both in support of his motion to transfer and in opposition to Gaines' motion to quash, with attached Exhibits. (Doc. 6, Doc. 6-1 to 6-15). Gaines neither filed a reply brief in support of his motion to quash nor did he file a brief in opposition to the defendant's motion to transfer, and the time within which to do so has expired.

The defendant's subpoena to Gaines was issued under Fed.R.Civ.P. 45. The court in Highland Tank & Mfg. Co. v. PS Intern., Inc., 277 F.R.D. 374, 379 (W.D. Pa. 2005), stated:

> Generally, Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents. [footnote omitted]. Rule 45(a)(1)(C). Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit. *See* Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45.

Gaines essentially objected to the defendant's subpoena pursuant to Rule 45 which provides protections for a non-party who is the subject of a subpoena. "After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena." In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 238 (E.D.Pa. 2014). No doubt that "only the non-parties whom are served with the subpoenas may move to have them quashed under [Rule 45]." CedarCrestone Inc. v. Affiliated Computer Services LLC, 2014 WL 3055355, *3 (M.D.Pa. July 3, 2014) (citation omitted).

"The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Fed.R.Civ.P. 45 [to quash a subpoena] are satisfied." Plastic the Movie Ltd. v. John Doe Subscriber, 2015 WL 4715528, at *1 (D.N.J. Aug. 7, 2015) (citation omitted).

The court will deny Gaines' motion to quash particularly since the judge presiding in the case pending in the District of Oregon, namely, the Honorable Anna J. Brown, recently clarified on November 16, 2017, with respect to her prior Order of September 13, 2017 permitting the defendant to depose Patrick, as follows:

> Although the Court's Order inadvertently did not specifically name Mr. Gaines, the Court did not intend to exclude him from that portion of the Order that allowed Defendant to take the depositions of Plaintiffs' counsel. Accordingly, the Court GRANTS Defendant's Motion for Clarification and CLARIFIES that Defendant is authorized to take the deposition of Mr. Gaines in addition to the deposition of Mr. Patrick.

(Doc. 6-11).

Thus, there is no longer any dispute that Judge Brown intended the defendant to be allowed to depose Gaines.

Insofar as Gaines contends that he did not receive adequate notice of the subpoena directed to him, the defendant indicates that his counsel "provided [Gaines] notice of the deposition sixteen days in advance and e-mailed a copy directly to Mr. Gaines ten days in advance." (Doc. 6 at 2). Specifically, the defendant's evidence indicates that on October 10, 2017, defense counsel provided Gaines' co-counsel, Patrick, with notice of Gaines'

3

October 26, 2017 deposition. On October 16, 2017, defense counsel e-mailed a copy of the subpoena to Gaines and requested him to accept service via e-mail, but Gaines refused to accept service. On October 23, 2017, a process server served Gaines with the subpoena (Id. at 5). "A party issuing a subpoena to a nonparty for the production of documents during discovery must provide prior notice to all parties to the litigation." Id. at *6 (citing Fed.R.Civ.P. 45(a)(4) ("[B]efore [a subpoena duces tecum] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.")). Thus, Gaines did receive sufficient advance notice of the subpoena.

Additionally, as the defendant represents, (Doc. 6 at 2), the documents Gaines was directed to produce in the subpoena are no longer at issue "because defense counsel and Frank Patrick, his co-counsel, already reached an agreement on those documents." The defendant also correctly indicates that if Gaines had filed his certificate of concurrence or non-concurrence with his instant motions and conferred with defense counsel prior to filing his motions, as required by Local Rules 7.1 and 26.3, M.D. Pa., he would have been aware that the parties had reached a resolution with respect to the requested documents.

Accordingly, the Court finds that Gaines has failed to demonstrate sufficient grounds to quash the defendant's subpoena.

For the foregoing reasons, the court will **DENY** Gaines' motions to

quash the subpoena the defendant served on him. (Doc. 1, Doc. 3). Also, since Gaines' motions no longer have any merit, the court will **DENY** the defendant's motion to transfer in the interest of judicial economy since there is no need to do so. Finally, the court will **DENY** the defendant's and Gaines' requests for attorney fees and costs regarding the instant motions. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 13, 2017**
O:\Mannion\shared\MEMORANDA - DJ\MISCELLANEOUS\2017\17-0572-01.wpd